# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY MOORE, STEVE MADSEN, JEFFREY WILCOX, and all other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>ACKERMAN INVESTMENT COMPANY, d/b/a Best Inn of Ankeny, Best Western Inn of Ankeny, Bufords Steakhouse and BBQ, Champions Restaurant and Sports Lounge, Starlite Motel, Restaurant & Lounge, Starlite Village Motel, Starlite Village Motels of Iowa, and Starlite Villages,<br><br>Defendant. | No. C 07-3058-MWB<br><br><br><br>**ORDER ON MOTION FOR APPROVAL OF SETTLEMENT** |

_____

This matter comes before the court pursuant to the plaintiffs' August 20, 2009, Motion For Approval Of Settlement (docket no. 38). The plaintiffs represent that they have reached a settlement with the defendant in this "class action" pursuant to the Fair Labor Standards Act (FLSA) and the Iowa Wage Payment Collection Act (IWPCA). The plaintiffs represent, further, that the defendant has advised the plaintiffs that it has no objection to the present motion and, moreover, agrees to the settlement as presented to the court. Therefore, the plaintiffs seek court approval of the settlement reached in this matter in the amount shown for each plaintiff in an attachment to their motion, plus payment of plaintiffs' attorney fees and expenses in the amount of $35,000, with costs to be assessed against the defendant.

In this action, the plaintiffs alleged claims pursuant to the FLSA and the IWPCA based on allegations that their wages were reduced for thirty-minute break periods that they were not able to take or were not allowed to take. The defendant denied these allegations. Although the plaintiffs describe this action as a "class action," it is more properly described as a "collective action," in that potential plaintiffs must "opt-in" in writing pursuant to 29 U.S.C. § 216(b) to be bound by or to have the benefit of any judgment in the case. *See, e.g., Sandoz v. Cingular Wireless, L.L.C.*, 553 F.3d 913, 915-16 (5th Cir. 2008) (stating, "[T]he FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing," citing 29 U.S.C. § 216, and distinguishing between a Rule 23 class member, who must "opt out" to avoid being bound by judgment for the class, and a § 216(b) "class" member, noting, "'Under [§ 216(b)], of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.'" (quoting *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (*per curiam*)); *see also McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (distinguishing between a Rule 23 "class action" and a § 216(b) "collective action"). The named plaintiffs notified other potential plaintiffs of this lawsuit and their opportunity to "opt in" pursuant to a Notice prescribed by a magistrate judge's Order (docket no. 13) dated November 29, 2007. Eventually, 86 plaintiffs, besides the original 3 named plaintiffs, "opted in."

The plaintiffs' attorney conducted discovery to obtain time and payroll records for all of the plaintiffs who had "opted in." The plaintiffs' attorney reviewed these records to determine each plaintiff's maximum potential recovery. According to the plaintiffs' attorney's calculations, the maximum potential recovery for an individual plaintiff ranges

from $0 to approximately $8,830. Although one of the named plaintiffs was determined to have the second highest maximum potential recovery, the other two named plaintiffs' maximum potential recoveries, as determined by plaintiffs' attorney, were near or below the median. The plaintiffs' attorney then negotiated a settlement of this action with the defendant's attorneys, the essential terms of which are the following: (1) the defendant will pay each plaintiff's damages under the FLSA for a two-year statute of limitations period, doubled for liquidated damages, and wages due under the IWPCA for a two-year statute of limitations period, with 4% simple interest added for a two-and-one-half-year period; (2) the defendant will pay the plaintiffs' attorney fees and expenses in the amount of $35,000; (3) no additional fees or expenses will be due from the plaintiffs; and (4) costs will be assessed against the defendant. The plaintiffs' attorney notified each plaintiff of the proposed settlement by letter, including notice of each plaintiff's potential maximum recovery and the amount that each plaintiff would receive pursuant to the settlement. According to the plaintiffs' attorney's calculations, one named plaintiff's proposed settlement is nearly the same as his maximum potential recovery, while the proposed settlements for the other two named plaintiffs are about half or less than half of their maximum potential recoveries.

According to the plaintiffs' attorney's representations and Exhibit A attached to the present motion, a majority of the plaintiffs (57) have responded to the proposed settlement, and all but one of the plaintiffs to respond have agreed to the settlement. The lone plaintiff to reject the offer was advised by letter from plaintiffs' counsel that, in counsel's opinion, that plaintiff's reasons for rejecting the settlement were without merit or were not properly addressed in this matter. Notices to 3 plaintiffs were returned as undeliverable; 29 other plaintiffs did not respond. The court notes that 13 of the plaintiffs who did not respond had been notified that they would receive nothing from the proposed settlement (2 plaintiffs

3

who were notified that they would receive nothing from the proposed settlement nevertheless notified the plaintiffs' attorney that they approved the settlement). The plaintiffs' attorney represents that she is continuing to make efforts to contact plaintiffs who have not responded or who could not be located.

Section 216(b) does not expressly require a "fairness" hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b). Nevertheless, courts entertaining a proposed settlement in a § 216(b) case must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Collins v. Sanderson Farms., Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008). Courts have also regularly applied the same "fairness" factors applied to a proposed settlement of a Rule 23 class action by analogy to a proposed settlement of a § 216(b) collective action to determine whether the proposed settlement is fair and reasonable. *See, e.g., Houston v. URS Corp.*, 2009 WL 2474055, * 6 (E.D. Va. Aug. 7, 2009) (slip op.) (citing cases); *Collins*, 568 F. Supp. 2d at 722; *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005). Those factors are the following: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Houston,* 2009 WL 2474055 at *6; *Collins*, 568 F. Supp. 2d at 722 (identifying the factors as "'(1) the existence of fraud or

4

collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members.'" (quoting *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. Sept. 23, 2004), in turn citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

In the present case, the court finds that there is a bona fide dispute between the parties concerning whether the plaintiffs were deprived of wages that they were due and that the proposed settlement is fair and equitable to all parties concerned. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *Collins*, 568 F. Supp. 2d at 718-19. More specifically, as to fairness of the proposed settlement, the record reflects reasonable discovery by plaintiffs' counsel to ascertain each named and "opt-in" plaintiff's maximum potential recovery; the litigation is reasonably well advanced, but a settlement is nevertheless likely to reduce considerably the complexity, expense, and duration of the proceedings; the amount and terms of the settlement, either in aggregate or as to individual named and "opt in" plaintiffs, do not suggest any fraud or collusion between the parties in reaching a settlement; plaintiffs' counsel is sufficiently experienced to have reasonably assessed the litigation, including potential recoveries and defenses; a substantial majority of the "opt in" plaintiffs (64%) have responded to the proposed settlement and those responding have overwhelmingly (98% of responding plaintiffs and 63% of all plaintiffs) approved the proposed settlement, while the limited maximum potential recovery and proposed settlement for most non-responding plaintiffs explains their failure to respond as apathy, not antipathy concerning the settlement; and the proposed settlement, both in aggregate and as to individual plaintiffs, is reasonable in relation to the plaintiffs' likelihood of success

5

and maximum potential recoveries. *Houston*, 2009 WL 2474055 at *6; *Collins*, 568 F. Supp. 2d at 722. Therefore, the court will approve the settlement.

The court must also scrutinize the amount of attorney fees in the proposed settlement. *See Collins*, 568 F. Supp. 2d at 728. The plaintiffs have provided no information concerning how the attorney fees in the settlement were determined. Thus, the court is unable to determine at this time whether the proposed settlement for $35,000 in attorney fees is fair and reasonable in terms of the time expended or hourly rate claimed. The court also observes that much of the work on the case appears to have been clerical in nature, that is, it involved determination of hours worked by the plaintiffs and calculation of their unpaid wages. At best, the court can see from the information provided that the proposed sum for attorney fees is approximately one half of the total proposed settlement amounts for all plaintiffs, or approximately one-third of the total settlement. Although the court notes that a one-third contingent fee would not be facially unreasonable in a case of this kind, the court is unwilling to give final approval for the proposed amount of attorney fees without more information.

THEREFORE, the plaintiffs' unresisted August 20, 2009, Motion For Approval Of Settlement (docket no. 38) is **granted to the extent that:**

1. The proposed settlement for the plaintiffs is **approved**, both in the aggregate and as to individual "opt in" plaintiffs;

2. The proposed settlement for plaintiffs' attorney's fees is **conditionally approved**, subject to review of more information concerning any contingent fee agreement with the plaintiffs and information concerning the professional and clerical hours and hourly rates for such hours actually expended on this litigation; and

3. The proposed settlement is **approved** as to assessment of costs to the defendant.

**IT IS FURTHER ORDERED** that

1. On or before **September 15, 2009,** the plaintiffs' attorney shall submit a proposed final order of settlement, signed by counsel for both parties, setting out the precise terms of the settlement and judgment, for the court's approval, and

2. On or before **September 15, 2009,** the plaintiffs' attorney shall submit further documentation in support of the proposed award of attorney fees, including information concerning any contingent fee agreement with the plaintiffs and information concerning the professional and clerical hours and hourly rates for such hours actually expended on this litigation, in the format required by N.D. IA. L.R. 54.1.

**IT IS SO ORDERED.**

**DATED** this 1st day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA